UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
NO:

**COMPLAINT OF GEORGE J. CHAROS
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY,
CIVIL AND MARITIME**

## TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF MASSACHUSETTS

Now comes the Plaintiff, George J. Charos, in the above-titled action, in connection with the collision between his P/V CAPT GEORGE (O.N. 287727) and the M/V JANET MARIE (NH 5338AV), owned by Paul Belley, and files his Complaint for Exoneration from and/or Limitation of Liability as follows:

**First:** The P/V CAPT GEORGE is a wooden, 58.0 foot fishing passenger vessel with a home port of Newburyport, Massachusetts. It was and remains solely owned by George J. Charos, an individual, with a business address within this District of 10-82nd Street, Plum Island, Newburyport, Massachusetts 01950.

**Second:** On August 17, 2019, the P/V CAPT GEORGE was returning from a morning fishing trip east of the Merrimack River heading to its berth in Newburyport, Massachusetts.

**Third:** Upon information and belief, and after departing the fishing grounds, the P/V CAPT GEORGE was heading inbound on the north side of the channel. She was the privileged vessel under the circumstances and was maintaining her course and speed.

**Fourth:** Upon information and belief, the M/V JANET MARIE was inbound, under power, with an approximate speed over ground of 16-18 knots. She attempted to overtake the P/V CAPT GEORGE from its starboard quarter. The M/V JANET MARIE caused a close quarters situation with the P/V CAPT GEORGE and was the burdened vessel.

There was no radio/VHF contact between the P/V CAPT GEORGE and the M/V JANET MARIE, no sound signals were exchanged, and no overtaking agreement made.

**Fifth:** The M/V JANET MARIE overtook the P/V CAPT GEORGE close on its starboard side. The P/V CAPT GEORGE, once aware of this close quarters overtaking situation, took immediate action to avoid collision. Despite these collision avoidance actions, the M/V JANET MARIE continued to overtake the P/V CAPT. GEORGE, took no action to avoid collision, did not alter course away from the P/V CAPT GEORGE, did not reduce speed, and did not issue the danger signal.

**Sixth:** Upon information and belief, at approximately 1209 hours on August 17, 2019, the M/V JANET MARIE collided with the P/V CAPT GEORGE. The M/V JANET MARIE's port bow first collided with the P/V CAPT GEORGE's starboard bow. The P/V CAPT GEORGE took further actions to mitigate collision, but the M/V JANET MARIE continued to overtake and cross in front and under the P/V CAPTAIN GEORGE's bow. The M/V JANET MARIE's cabin overhead caught under the P/V CAPT GEORGE's anchor spit, causing the M/V JANET MARIE to capsize. Following the capsizing, the P/V CAPT GEORGE stood clear of the capsized M/V JANET MARIE, and the individuals now overboard and in the water. Once clear, the P/V

Case 1:20-cv-10254 Document 1 Filed 02/10/20 Page 3 of 8

3

CAPTAIN GEORGE assessed the situation and remained on scene to provide assistance.

**Seventh:** The aforesaid event and resulting loss, damage and injury was not caused or contributed to by any negligence or fault on the part of George J. Charos, or of those whom George J. Charos is responsible. George J. Charos denies any such loss, damage, injury, and destruction was done, occasioned by, or occurred with any privity or knowledge of George J. Charos.

**Eighth:** No suits, to George J. Charos's knowledge, have to date been commenced for loss or damage or injury resulting from the aforesaid casualty against George J. Charos.

**Ninth:** A civil action was commenced in Massachusetts Essex Superior Court, C.A. No. 1977CV1645, in or about November 2019, against Captain's Fishing Parties, Inc. and a John Doe defendant, arising out of the incident described in this Complaint. The Essex Superior Court Complaint, however, does not name George J. Charos as the proper owner and operator of the CAPT GEORGE, as a defendant.

George J. Charos fears that libels, suits, or claims may be filed, begun or asserted against the P/V CAPT GEORGE or George J. Charos or either of them on behalf of other persons for alleged damages sustained as a result of said casualty.

**Tenth:** The P/V CAPT GEORGE sustained damage to its hull. There was no freight pending at the time of the casualty.

**Eleventh:** This Honorable Court has subject matter jurisdiction based upon 28 U.S.C. §1333(1). This is a case of admiralty and maritime jurisdiction as herein more fully appears and is an admiralty and maritime claim within the meaning of Rule (h) of

Case 1:20-cv-10254   Document 1   Filed 02/10/20   Page 4 of 8

4

the Federal Rules of Civil Procedure. Plaintiff invokes the special relief provided in Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**Twelfth**: Venue is proper because the collision occurred within this District.

**Thirteenth**: George J. Charos claims exemption from liability for any and all loss, destruction, damage, and injury occasioned or incurred by or resulting from the casualty and for all claims for damages that have been made or may hereafter be made, and by reason of the facts hereinbefore set forth, George J. Charos desires in this proceeding to contest his liability and the liability of said vessel to any extent whatsoever for any and all loss, destruction, damage and injury caused by or resulting from the matters aforesaid.

**Fourteenth**:   Not admitting, but denying any liability of himself or of said vessel for any loss, destruction, damage and injury occasioned or incurred by reason of the matters aforesaid or subsequent damages resulting there from, George J. Charos further claims the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.* and the various statutes amendatory thereof and supplementary thereto, and to that end George J. Charos is ready and willing to give a Stipulation with sufficient surety for the payment into Court of the amount or value, if any, of his interest in the P/V CAPT GEORGE together with its pending freight, if any, at the end of the said voyage, whenever the same shall be ordered by the General Admiralty Rules and the practice of this Honorable Court.

**Fifteenth**:     All and singular the premises are true and within admiralty and maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, George J. Charos prays:

(1) That the Court cause due appraisement to be made of the amount or value of the George J. Charos's interest in the P/V CAPT GEORGE and its pending freight, if any, at the end of said voyage;

(2) That the Court issue an order directing George J. Charos to file a Stipulation with surety to be approved by the Court, for the payment into Court of the amount of George J. Charos's interest in the said P/V CAPT GEORGE, unless the Court shall so order, or that the Court issue an order, excusing George J. Charos from furnishing a Stipulation;

(3) That the Court make an order directing the issuance of a Monition (Injunction) to all persons claiming damages for any and all loss, injury, damage, or destruction done, occasioned or incurred by or resulting from the collision occurring on August 17, 2019 between the M/V JANET MARIE and the P/V CAPT GEORGE citing them to file with the Clerk of this Court in said order and make due proof of their respective claims, and also to appear and answer the allegations of this Complaint according to the law and practice of this Court at or before a certain time to be fixed by the Monition (Injunction);

(4) That the Court make and order directing that on the giving of such a Stipulation as may be determined to be proper, or the Court making an order excusing George J. Charos from giving a Stipulation, an Injunction shall issue, restraining the prosecution of all actions, suits or other proceedings already begun to recover for damages, arising out of or occasioned by or consequent upon the collision with between the M/V JANET MARIE and the P/V CAPT GEORGE on August 17, 2019, as stated in the Complaint, and the commencement or prosecution hereafter of any suit, action or legal proceeding against George J. Charos or George J. Charos's agents, representatives, officers, or employees in respect of any claim or claims arising out of the aforesaid collision of the P/V CAPT GEORGE with the M/V JANET MARIE;

(5) That the Court in these proceedings will adjudge that George J. Charos is not liable to any extent or any loss, damage, injury or for any claim whatsoever in any way arising out of or in consequence of the collision with the M/V JANET MARIE on August 17, 2019, above described, or if George J. Charos shall be adjudged liable, then such liability shall be limited to the amount of his interest in the P/V CAPT GEORGE at the end of the voyage in which it was engaged at the time it was damaged, if any, and that a decree may be entered discharging George J. Charos from any and all further liability; and;

(6) That George J. Charos may have such other or further relief as the justice of the cause may require.

**SIGNATORY PAGE TO FOLLOW ON NEXT PAGE**

**GEORGE J. CHAROS**

By his attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Gregg M. Lysko**
**BBO NO: 566627**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
Tel:   (617) 723-9165
Fax:   (617) 720-3489
Email: tmuzyka@clinmuzyka.com
          glysko@clinmuzyka.com

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I, **GEORGE J. CHAROS**, declare under the penalty of perjury:

1. I am the owner of the P/V CAPT GEORGE (O.N. 287727) and the Plaintiff herein.

2. My business address is 82nd Street, Plum Island, Newburyport, Massachusetts, 01950.

3. I have read the foregoing Complaint and I know the contents thereof and the same are true to the best of my own knowledge, except as the matters therein stated to be upon information and belief and unto those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

*[signature]*
**GEORGE J. CHAROS**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February _10th_, 2020.

"/s/ Thomas J. Muzyka"
Thomas J. Muzyka